CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

LEROY WHITE,                                                      :        Case No. 17 CV 8105
                                                                 :
                            Plaintiff,                           :
                                                                 :
         -against-                                               :        **COMPLAINT**
                                                                 :
BANANA KELLY COMMUNITY IMPROVEMENT           :        **Jury Trial**
ASSOCIATION, INC., and HOPE BURGESS,              :        **Demanded**
                                                                 :
                            Defendants.                          :
-----------------------------------------------------------------------X

Plaintiff, LEROY WHITE (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants BANANA KELLY COMMUNITY IMPROVEMENT ASSOCIATION, INC. ("BANANA KELLY"), and HOPE BURGESS, and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) compensatory and statutory damages for retaliatory discharge, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid "gap-time" wages, (c) liquidated damages, (d) compensatory and statutory damages for retaliatory discharge, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is a resident of Bronx County, New York.

6.     Defendant, BANANA KELLY, is a domestic not-for-profit corporation organized under the laws of the State of New York, with a principal place of business at 863 Prospect Avenue, Bronx, New York 10459.

7.     Defendant, BANANA KELLY, is an affordable housing organization, which preserves and develops housing to homeless and low-income households throughout the South Bronx.

8.     Defendant, BANANA KELLY, provides direct services to approximately 5,000 residents, as well as various other support services to the South Bronx community at large.

9.     Defendant, BANANA KELLY, owns over twenty (20) residential apartment buildings throughout the South Bronx, which it uses to provide affordable housing to low-income individuals and families (the "Buildings").

10.     Defendant, HOPE BURGESS, is the Chief Operations Officer of BANANA KELLY who participates in the day-to-day operation of BANANA KELLY, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with BANANA KELLY.

11.     Defendant, HOPE BURGESS, exercised control over the terms and conditions of Plaintiff's employment in that she has the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) create and maintain employment records.

12.     At all relevant times, BANANA KELLY was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had had an annual gross volume of sales of not less than $500,000.

13.     At all relevant times, BANANA KELLY generates income from the organization's commercial activities in addition to receiving funding from government grants, as well as private and public loans.

14.   Defendants employed Plaintiff to work as a non-exempt porter and maintenance man at the Buildings.

15.   The work performed by Plaintiff was directly essential to the business operated by Defendants.

16.   Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.   Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "gap-time" wages in direct contravention of the New York Labor Law.

18.   Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19.   Defendant, HOPE BURGESS, actively participates in the day-to-day operation of BANANA KELLY.  For instance, Ms. Burgess creates and implements all crucial employment policies, and is the person responsible in making decisions as to the hiring and firing of employees, setting the number of hours the employees are required to work, establishing the amount of pay that the employees are entitled to receive, and determining the manner and method in which the employees are paid.

20.   On or about April 12, 2017, Ms. Burgess hired Plaintiff to work as a non-exempt porter and maintenance man, where his job duties included cleaning the common areas of the Buildings and making any necessary repairs to the Buildings' common areas and tenant's apartments.

21.     Defendant, HOPE BURGESS, set Plaintiff's work hours and rate of pay, and was Plaintiff's direct supervisor.

22.     On average, Plaintiff was assigned to complete at least three (3) separate work orders per day at the various Buildings. The number of daily work orders often exceeded three (3).

23.     Neither at the time of his hire, nor any time thereafter, did Defendants provide Plaintiff with a wage notice setting forth, among other things, his regular hourly rate of pay and corresponding overtime rate of pay.

24.     Plaintiff worked continuously for Defendants in such capacities until on or about September 18, 2017, at which time Ms. Burgess unlawfully terminated Plaintiff in retaliation for complaining that Defendants failed to pay him for all hours worked.

25.     Throughout the entirety of his employment, Plaintiff worked five (5) days per week, and his work shift consisted of eight (8) hours per day from 9:00 a.m. until 5:00 p.m.

26.     Plaintiff was also assigned to work on Saturdays on multiple occasions.

27.     Plaintiff's Saturday work shift was also from 9:00 a.m. until 5:00 p.m.

28.     Thus, Plaintiff worked forty (40) hours during those weeks in which he worked five (5) days, and forty-eight (48) hours during those weeks in which he worked six (6) days.

29.     Throughout the entirety of his employment, Plaintiff was paid at the rate of $12 per hour, but was only credited and paid for fifteen (15) hours of work each week. Defendants entirely failed to pay Plaintiff any wages for the additional twenty-five (25) to thirty-three (33) hours of work per week. Work performed in excess of forty (40)

hours per week was also not paid at the statutory rate of time and one-half in violation of federal and state law.

30.     At the end of each pay period, Defendants required Plaintiff to sign false and incorrect time sheets that purport to show that Plaintiff only worked three (3) hours per day.

31.     Upon paying Plaintiff his wages, Defendants failed to provide Plaintiff with correct and accurate wage statements setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

32.     Plaintiff made numerous inquiries and complaints to Defendants about their failure to pay him all of his wages.  Defendants constantly responded with false promises of future payment.

33.     On or about September 18, 2017, Plaintiff complained to Defendants' Property Manager, Yessenia Camilo, about not being paid his wages for all hours worked.  In doing so, Plaintiff sought and received written confirmation of his work schedule and rate of pay from Ms. Camilo.

34.     On that same day – September 18, 2017, upon learning of Plaintiff's complaint and receipt of the aforementioned letter, Ms. Burgess immediately terminated Plaintiff in retaliation for complaining about his failure to be paid for all hours worked.

35.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff "gap-time" wages for all hours worked up to forty (40) per week, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

37.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

38.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "37" of this Complaint as if fully set forth herein.

39.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

41.     At all relevant times, BANANA KELLY had gross revenues in excess of $500,000.

42.     Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

43.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

44.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

46.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

48.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages.

49.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

50.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

51.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

53.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the statutory rate of time and one-half for each hour worked in excess of forty (40) per workweek.

54.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay him "gap-time" wages for all hours worked up to forty (40) each week. N.Y. Lab. Law § 663(1).

55.     Defendants failed to furnish Plaintiff with a statement with every payment of wages correctly listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

56.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all

employees, and other similar information in contravention of New York Labor Law § 661.

57.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

58.    Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, unpaid "gap-time" wages, reasonable attorneys' fees, statutory damages, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

## COUNT III
### [Retaliation Under the Fair Labor Standards Act]

59.    Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "58" of this Complaint as if fully set forth herein.

60.    Defendants fired Plaintiff for complaining about not being paid all of his lawfully earned wages.

61.    Defendants retaliated against Plaintiff for seeking his unpaid wages under the FLSA. As a result, Defendants' actions constitute retaliatory conduct that would have a chilling effect on the assertion by employees of their federal rights under the FLSA.

62.    Defendants' actions constitute a violation of Section 15(a)(3) of the FLSA. 29 U.S.C. § 215(a)(3).

63.    Due to Defendants' retaliation under the FLSA, Plaintiff is entitled to recover from Defendants compensatory and statutory damages.

## COUNT IV
### [Retaliation Under the New York Labor Law]

64.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "63" of this Complaint as if fully set forth herein.

65.     Defendants fired Plaintiff for complaining about not being paid all of his lawfully earned wages.

66.     Defendants retaliated against Plaintiff for seeking his unpaid wages under the New York Labor Law.  As a result, Defendants' actions constitute retaliatory conduct that would have a chilling effect on the assertion by employees of their state law rights under the New York Labor Law.

67.     Defendants' actions constitute a violation of New York Labor Law § 215(1).

68.     Due to Defendants' retaliation under the New York Labor Law, Plaintiff is entitled to recover from Defendants compensatory and statutory damages.

### PRAYER FOR RELEIF

WHEREFORE, Plaintiff, LEROY WHITE, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of unpaid "gap-time" wages due under the New York Labor Law;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(d)     An award of liquidated damages as a result of Defendants' failure to pay, overtime compensation and "gap-time" wages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)     An award of compensatory and statutory damages as a result of Defendants' retaliatory conduct under the FLSA and New York Labor Law and the New York State Wage Theft Prevention Act;

(f)     An award of prejudgment and post-judgment interest;

(g)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(h)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       October 20, 2017

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
     Giustino (Justin) Cilenti (GC2321)

12

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, _____Leroy White_____, am an employee currently or

formerly employed by _____Banana Kelly_____, and/or related

entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____10/5_____, 2017